UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NICHOLAS LEHMAN,<br>*Petitioner*,<br><br>v.<br><br>J. BIENEMY,<br>*Respondent.* | 1:25-cv-458-MSN-WEF |

MEMORANDUM OPINION

Nicholas Lehman ("Petitioner"), a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2241 Petition challenging the Bureau of Prisons' ("BOP") denial of his request to apply against his sentence earned time credits that he has accrued under the First Step Act of 2018 ("FSA"). ECF 1. This action is before the Court on Acting Warden Bienemy's ("Respondent") Motion for Summary Judgment, in which he asserts that Petitioner is not eligible to have his FSA time credits applied to his sentence.[1] ECF 12. Petitioner has filed a response to the Motion. ECF 18. This action is also before the Court on Petitioner's (1) Motion for Request of Legal Counsel (ECF 8); (2) Motion/Request for Ruling (ECF 16); (3) Motion for a Court Order Requesting Temporary Restraining Order (ECF 20); (4) Motion for a Court Order Requesting Injunction (ECF 21); and (5) Motion to Expedite Ruling on the Merits (ECF 23). For the reasons stated below, the Respondent's Motion for Summary Judgment will be granted, Petitioner's § 2241 Petition will be denied, Petitioner's Motion/Request for a Ruling will be granted, and Petitioner's remaining motions will be denied.

[1] Respondent filed, in the alternative, a Motion to Dismiss. ECF 11. Although the Motion to Dismiss would also be dispositive, resolving this matter via the Motion for Summary Judgment provides a clearer picture of the proceedings at the Federal Correctional Institution. The Motion to Dismiss will be denied as moot.

## I. Standard of Review

The relevant statute provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "[A] federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (second alteration in original) (internal quotation marks and citation omitted). Under § 2241, federal courts may consider "not only constitutional claims but claims of statutory interpretation as well." *Bowrin v. U.S. I.N.S.*, 194 F.3d 483, 487 (4th Cir. 1999) (citing *Goncalves v. Reno*, 144 F.3d 110, 123–24 (1st Cir. 1998)). In addition, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citation omitted). After receiving a petition and the respondent's response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment allows courts "to avoid useless trials where material facts are not disputed and the law points unerringly to the conclusion that one of the parties is entitled to judgment as a matter of law." *Util. Control Corp. v. Prince William Constr. Co.*, 558 F.2d 716, 719 (4th Cir. 1977). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

**II. Undisputed Facts**

Respondent, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56(B), filed a statement of undisputed material facts. The Court accepts Respondent's statement of facts as true because Petitioner has failed to rebut any of the facts as set forth by Respondent. *Gholson v. Murry*, 953 F. Supp. 709, 714 (E.D. Va. 1997); *see also Integrated Direct Mktg., LLC v. May*, 129 F. Supp. 3d 336, 345 (E.D. Va. 2015) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine facts in opposition to the motion." (quoting E.D. Va. Loc. Civ. R. 56(B))), *aff'd,* 690 F. App'x 822 (4th Cir. 2017). The relevant facts are as follows.

1. Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution ("FCI") Medium in Petersburg, Virginia. ECF 13 at 5.
2. He is currently scheduled to be released from federal custody on October 3, 2027. *Id.* at 6.
3. Petitioner filed the instant Petition on March 12, 2025, asking the Court to direct the BOP to apply his FSA time credits to his federal sentence despite his current "medium risk" recidivism level. ECF 1, 13 at 6.
4. Petitioner indicates that his FSA time credits should be applied to his sentence because he has "shown a recidivism risk [level] reduction." ECF 13 at 6 (quoting ECF 1 at 3–4).
5. Petitioner's most recent risk assessment to determine his risk level took place on July 16, 2025. *Id.*
6. Following review, Petitioner was assigned a "medium" recidivism level. *Id.*

7. Petitioner's last two Program Reviews occurred on January 22, 2025, and July 16, 2025. *Id.*
8. During these Program Reviews, Petitioner did not inquire about or submit a request to the Warden regarding the application of his FSA time credits. *Id.*
9. Accordingly, at this time, the Warden of FCI Petersburg has not considered or approved a request for the application of Petitioner's FSA time credits despite his "medium risk" recidivism level. *Id.*

## III. The FSA

The FSA tasked the Attorney General of the United States to develop a "risk and needs assessment system." 18 U.S.C. § 3632(a). The risk and needs assessment system should be used to determine the recidivism risk of each prisoner and classify each prisoner as having minimum, low, medium, or high risk for recidivism. *Id.* § 3632(a)(1). This system should also be used to determine the type and amount of recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming. *Id.* § 3632(a)(3). The recidivism risk of each prisoner should be reassessed periodically, based on factors including indicators of progress, and of regression, that are dynamic and that can reasonably be expected to change while in prison. *Id.* § 3632(a)(4). The risk and needs assessment system should also be used to later determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with 18 U.S.C. § 3624. *Id.* § 3632(a)(7).

Consistent with the FSA's requirements, "the BOP designed its 'Prisoner Assessment Tool Targeting Estimated Risks and Needs' ("PATTERN") system, which ultimately places a prisoner in one of four recidivism risk categories: minimum, low, medium, or high." *Williams v. FCI Beckley Warden*, No. CV 5:25-00189, 2025 WL 4033845, at *3 (S.D.W. Va. Nov. 19, 2025), *R&R*

*adopted,* 2026 WL 88542 (S.D.W. Va. Jan. 12, 2026). Inmates are reassessed and assigned a recidivism risk category at least once every 180 days during "program reviews." 28 C.F.R. § 524.11(a)(2).

Irrespective of their particular recidivism level (with very few exceptions not relevant to this action) inmates may earn time credits to possibly be applied toward their transfer to prerelease custody or a term of early supervised release. 18 U.S.C. § 3632(d)(4)(A), (C). That an inmate is eligible to earn time credits, however, does not necessarily mean that he or she may *apply* those time credits to his or her sentence. *See West v. Cutwright*, No. 1:24-CV-00380, 2025 WL 2639883, at *5 (S.D.W. Va. July 9, 2025) ("Although all eligible inmates may earn FSA time credit, only some inmates are eligible to apply those time credits" (internal quotation marks and citation omitted)), *R&R adopted*, 2025 WL 2641713 (S.D.W. Va. Sept. 12, 2025). Rather, the relevant statute limits application of the time credits as follows:

> **(1) Eligible prisoners**.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
>
> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> **(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> **(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner--
>
> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

> **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--
>
> > **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
> >
> > **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
> >
> > **(cc)** the prisoner is unlikely to recidivate; or
>
> **(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1).

## IV. Analysis

Petitioner argues that he has accrued 365 days of FSA time credits and has met the statutory requirements to have his FSA time credits applied, but the BOP will not apply them. ECF 1 at 7. Specifically, he asserts that he demonstrated recidivism risk reduction under § 3624(g)(1)(B) through successful completion of FSA programs, remaining incident free for over four years, earning 365 days of FSA time credits, and by lowering his recidivism risk level from high to medium as of January 22, 2025. ECF 1-2 at 14–15. Petitioner also asserts that BOP Program Statement 5410.01 CN-2, pursuant to which the BOP declined to apply his time credits, does not accurately reflect the FSA statute and he seeks a finding that the BOP policy is invalid. *Id.* at 8.

The Petition presents an issue of statutory interpretation as to the meaning of "a demonstrated recidivism risk reduction" under § 3624(g)(1) and whether an inmate can establish recidivism risk reduction without showing a change in his PATTERN recidivism risk level. But Petitioner's argument ignores that the FSA expressly addresses who is eligible to apply FSA time credits. Petitioner's high and medium recidivism risk levels, by statute (§ 3624(g)(1)(D)(i)-(ii))

and not policy, preclude the BOP from applying his FSA time credits. *See, e.g.*, *Cain v. Bienemy*, No. 1:25-CV-1324 (RDA/WBP), 2026 WL 2114511, at *6 (E.D. Va. July 22, 2026) (holding that the petitioner was precluded by statute from applying his FSA time credits because of his medium risk recidivism level); *Brown v. Garrett*, No. 7:22-cv-551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022) (rejecting the petitioner's argument that "she 'will never be a [l]ow or [m]inimum risk due to [her] past criminal history'" and explaining, "[w]hile [the petitioner] is free to earn time credits as an inmate with a medium risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot apply those time credits to her sentence unless and until she has a minimum or low risk recidivism level for two consecutive assessments for prerelease custody or a minimum or low risk recidivism level for the last assessment for supervised release."), *R&R adopted*, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023). The FSA expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete FSA programs, the successfully completed programs are not applied toward the inmate's time credits until he has received a minimum or low risk PATTERN score for two consecutive assessments. 18 U.S.C. § 3624(g)(1)(D)(i)-(ii).

For early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii). In eligible inmates, those assigned a "medium risk," or "high risk" recidivism level will only be eligible for the application of FSA time credits if the inmate petitions the Warden and the Warden determines that (1) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release; (2) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism

reduction programs or productive activities; and (3) the prisoner is unlikely to recidivate. *Id.* § 3624(g)(1)(D)(i)(II).

Petitioner challenges the BOP's failure to apply his time credits because he had a high recidivism risk status—arguing that BOP's interpretation of the FSA is inconsistent with the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), because the statute requires that his FSA time credits should be applied to his prerelease custody date despite his "high" and now "medium" recidivism status. ECF 1-2 at 9–10. Specifically, he focuses on § 3624(g)(1)(B), which states that, to be eligible for application of time credits, a prisoner must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Petitioner asserts that the use of the "disjunctive" word "or" in the statute supports his position. ECF 1-2 at 6–8. Petitioner's reliance on *Loper Bright* to support his argument is misplaced because *Loper Bright* only applies if the statute is ambiguous. The FSA is not ambiguous. Indeed, Petitioner ignores § 3624(g)(1)(D), the subsection of the statute that specifically addresses application of credits with respect to a transfer to prerelease custody, the precise form of relief he seeks through his § 2241 Petition. The provision "unambiguously mandates that only inmates with low and minimum recidivism scores are eligible to have earned time credits under the FSA applied toward pre-release custody or supervised release." *Purdy v. Carter*, No. CV BAH-24-582, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (citing 18 U.S.C. § 3624(g)(1)(B), (D)(i)(I), and (D)(ii)). Petitioner was and is not entitled to have his FSA time credits applied to transfer to prerelease custody pursuant to § 3624(g)(1)(D)(i)(I) because of his PATTER risk score. For this reason, Respondent is entitled to entry of judgment in his favor.

### V. Petitioner's Motions

Petitioner also filed several motions that the Court will address in turn. First, Petitioner moves for appointment of counsel in this action. ECF 8. Petitioner is advised that there is no Sixth Amendment right to counsel in habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987). A court may, however, provide counsel for an indigent inmate pursuing a petition for habeas corpus when it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). Further, counsel should be appointed only in cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Because there is not any indication that a hearing is necessary in this matter or that there are any particularly thorny legal issues at play, Petitioner's Motion for Appointment of Counsel will be denied without prejudice.

Petitioner also moves for the Court to enjoin the BOP from requiring him to enroll in and complete the Residential Drug Abuse Program ("RDAP") as it will override his FSA Residential Reentry Center placement date, but if he refuses to participate, he will forfeit his FSA accrued days for application. ECF 20. He also moves for the Court to grant a temporary restraining order for the same. ECF 21. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction or temporary restraining order must demonstrate by a "clear showing:" (1) that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008) (citations omitted). Each of these four factors must be satisfied before preliminary injunctive relief is warranted. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated and remanded on other grounds*, 559 U.S. 1089 (2010). Petitioner, as the party seeking an injunction and a temporary restraining order, bears the burden of establishing that each factor supports granting the requested relief. *Id.* at 346. The failure to show any one of the relevant factors mandates denial of relief. *Id.*

RDAP is a voluntary program designed to provide prisoners with substance abuse problems with the opportunity to participate in substance abuse treatment. *See* 18 U.S.C. § 3621(e). Considering the nature and purpose of RDAP, Petitioner has not established a likelihood of suffering irreparable harm based on participation in RDAP alone. Additionally, there is nothing in the statutes that precludes a prisoner from benefiting from both FSA time credits and early release following RDAP participation, or that requires forfeiture of FSA accrued days when a prisoner declines to participate in an RDAP. *See generally id.* §§ 3621(e)(5)(B), 3624(g)(1). Accordingly, Petitioner has not established a likelihood of irreparable harm based on loss or forfeiture of his FSA time credits. As Petitioner has not shown a likelihood that he will suffer irreparable harm, he has not shown that preliminary injunctive relief is warranted.

Finally, inasmuch as this Order is a ruling on his Petition, Petitioner's Motion/Request for Ruling will be granted. ECF 16. Similarly, his Motion to Expedite Ruling on the Merits will be denied as moot. ECF 23.

## VI. Conclusion

For the reasons outlined above, it is clear that Petitioner is not entitled to relief. Therefore, Respondent's Motion for Summary Judgment (ECF 12) will be GRANTED, and his Motion to Dismiss (ECF 11) will be DENIED AS MOOT. Petitioner's § 2241 Petition (ECF 1) will be

DENIED, and this action will be DISMISSED. Petitioner's Motion for Request of Legal Counsel (ECF 8) will be DENIED WITHOUT PREJUDICE. Petitioner's Motion for a Court Order Requesting Temporary Restraining Order (ECF 20) and Motion for a Court Order Requesting Injunction (ECF 21) will be DENIED. Petitioner's Motion to Expedite Ruling on the Merits (ECF 23) will be DENIED AS MOOT, and Petitioner's Motion/Request for Ruling (ECF 16) will be GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Michael S. Nachmanoff
United States District Judge

September ___, 2026
Alexandria, Virginia